UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sindy H., | Civ. No. 26-349 (PAM/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Todd Lyons, in his capacity as Acting Director, Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; Executive Office for Immigration Review; and David Easterwood, Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, | |
| Respondents. | |

This matter is before the Court on Petitioner Sindy H.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Sindy H. is a citizen of Guatemala. (Id. Ex. A at 1.) On July 4, 2023, she entered the United States without inspection near Eagle Pass, Texas, and United States Border Patrol encountered her and issued her a Form I-862 Notice to Appear, charging her

as entering without inspection.[1]  (Id.)  On July 2, 2024, she filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending.  (Id. at 11, 12, Ex. B.)  The record does not support that Petitioner has been charged with or convicted of any crimes.  On January 15, 2026, United States Immigration and Customs Enforcement ("ICE") arrested Petitioner and she remains in ICE custody.  (Id.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order her immediate release or grant her an individualized bond hearing under 8 U.S.C. § 1226(a).  Respondents contend that her detention is mandatory pending removal proceedings under § 1225(b)(2).  The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

Relevant here, the Immigration and Nationality Act ("INA") creates a framework that controls the regulation of aliens, including their civil detention pending removal. Before 1996, the INA focused on the alien's physical entry into the country.  In 1996, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), which amended the INA's framework to center on whether an alien has been lawfully admitted.  See Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 223 (BIA 2025). Thus, under the new framework, "applicants for admission" defines both aliens at the border and any alien "present in the United States" without lawful authorization.  See 8

---

[1] Although the petition states that "[Petitioner]'s first and only entry to the United States was on July 4, 2023," her Form I-589 indicates that she also entered the United States in 2019 or 2020 and in May 2022.  (Pet. Ex. B. at 1.)  This discrepancy does not change the petition's outcome.

2

U.S.C. § 1225(a).  "Now, in removal proceedings, the relevant distinction for procedural purposes is whether the immigrant has been lawfully admitted, regardless of actual physical presence."  Torres v. Barr, 976 F.3d 918, 928 (9th Cir. 2020).  Put differently, the IIRIRA undid the backwards requirement that aliens who presented at a port of entry had to be detained, while those who entered illegally without trying to prove their basis for admission to the country were not detained.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end."  United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up).  Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission."  There is no dispute that Petitioner is an alien present in the United States.  See id.  And the facts are clear that she did not lawfully enter the United States, i.e., an immigration officer did not inspect her and authorize her entry.  Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  The plain reading of the text is that detention

3

is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner contends that because she was living in the United States when ICE apprehended her, she is not "seeking admission," and thus she is not subject to § 1225(b)(2)(A)'s requirements. Indeed, many courts agree with Petitioner. However, the Court determines that the growing minority of district courts to reject Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission." See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law."

4

Matter of Lemus-Losa, 25 I & N. Dec. 734, 743 n.6 (BIA 2012).  Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention.  Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Moreover, Petitioner filed an application for asylum in July 2024 and continues to pursue that status.  "That application seeks to allow h[er] to remain in this country—i.e., to be admitted."  Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025).  Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil."  Chen, 2025 WL 3484855, at *6.  Indeed, were an applicant not seeking admission to the United States or other lawful status when confronted by an immigration officer, then he or she would voluntarily self-deport.

Jennings v. Rodriguez explains that § 1225(b)(2) is a "catchall provision," applying to all "applicants for admission," including those who unlawfully entered the country and are therefore "deemed" applicants for admission under § 1225(a)(1)'s definition.  Id. at 287. As established, Petitioner is an applicant for admission.  Neither Petitioner nor Respondents argue that she qualifies for expedited removal under § 1225(b)(1).  "So if the Supreme Court's reference to 'all applicants … not covered by § 1225(b)(1)' in fact means what it says, then [Petitioner] necessarily falls under the 'catchall provision.'"  Coronado, 2025 WL 3628229, at *9 (quoting Jennings, 583 U.S. at 287).  Indeed, "[r]ead most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until

5

certain proceedings have concluded." Mejia Olalde, 2025 WL 3131942, at *2 (quoting Jennings, 583 U.S. at 297).

Petitioner fails to provide evidence that she has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)(A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because she is present in this country and has not been admitted.

Alternatively, Petitioner claims that she is a member of the nationwide class in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873 SSS BFM (C.D. Cal. Dec. 18, 2025), and therefore is entitled to the declaratory relief ordered in that case—immediate release from custody. Respondents contend that Maldonado Bautista is not binding or applicable here.

Federal district courts are authorized to grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Petitioner does not claim to be confined in the Central District of California. Thus, the Maldonado Bautista court does not have jurisdiction over Petitioner, and she is not entitled to relief ordered by that court.

Moreover, the declaratory relief that Maldonado Bautista purports to confer on petitioners nationwide is in practice no different than a universal injunction over "individuals who were not parties to that action, and the power to issue such relief 'likely exceed[s] the equitable authority that Congress has granted to the federal courts.'" Ore

Falcon v. Wofford, No. 1:26-CV-00181-WBS-EFB, 2026 WL 171927, at *3 (E.D. Cal. Jan. 22, 2026) (quoting Trump v. CASA, 606 U.S. 831, 837 (2025).)  For all these reasons, the Court denies the petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 5, 2026                          *s/ Paul A. Magnuson*
                                                 Paul A. Magnuson
                                                 United States District Court Judge